# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TIFFANY BOECKER, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO. _____ |
| v. | ) |
| | ) |
| AMAZON.COM, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Tiffany Boecker ("Plaintiff" or "Boecker") hereby files this Complaint against Amazon.com, Inc ("Defendant" or "Amazon"), alleging as follows:

## INTRODUCTION

1. Plaintiff is a former employee of Amazon.

2. Plaintiff asserts claims against Defendant for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), race discrimination and retaliation under 42 U.S.C. § 1981 ("§ 1981") and race and gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

3. Plaintiff's claims under the FLSA, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981 present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

4. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendant conducts business within the Middle District of Georgia and because the

unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

5. Tiffany Boecker is a resident of the Middle District of Georgia and is subject to this Court's jurisdiction.

6. Defendant Amazon is incorporated and licensed to do business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. Defendant may be served with process by serving CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

7. Defendant Amazon is a covered employer under Title VII.

8. Defendant Amazon is an employer under the FLSA.

## ADMINISTRATIVE PROCEEDINGS

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

10. Plaintiff received her Notice of Right to Sue.

11. All administrative prerequisites for filing suit on Plaintiff's Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

12. Defendant Amazon qualifies as an "employer" within the meaning of the FLSA.

13. Defendant Amazon is a covered enterprise under the FLSA.

14. Defendant Amazon's gross sales or business done exceeds $500,000.00 annually.

15. Defendant Amazon is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

16. Defendant Amazon employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for

commerce.

17. Defendant Amazon ships its products throughout the Southeastern United States.

18. Defendant Amazon orders and receives products from outside the state of Georgia.

19. Defendant Amazon's employees regularly handle materials that were manufactured outside the state of Georgia while performing their job duties.

20. Defendant Amazon's employees regularly use phone, computers, and shipping equipment manufactured outside the state of Georgia while performing their job duties.

21. Defendant Amazon uses the internet to advertise its services and communicate with its customers and vendors across state lines.

22. Plaintiff is white.

23. Plaintiff was employed by Amazon.com, Inc., on July 8, 2019, as Administrative Assistant to the General Manager/Site Leader Corey Landry, at its Macon Fulfillment Center.

24. Defendant Amazon employed Plaintiff as that term is defined by the FLSA.

25. Defendant Amazon set Plaintiff's work schedule.

26. Defendant Amazon retained personnel and employment records of Plaintiff.

27. Defendant Amazon regularly evaluated Plaintiff.

28. Defendant Amazon paid Plaintiff's wages.

29. Immediately upon Plaintiff's arrival, Plaintiff was subjected to ongoing harassment by Loss Prevention Manager, Jermal Ashe, who is an African American man. Among other things, Ashe asked Plaintiff if she was married, if her husband was white or black, if Plaintiff "sucked dick," cornered her in the office and saying, "Did you miss me?" and responding "fuck you" when Plaintiff stood up to him and rebuffed his advances.

30.     Plaintiff complained numerous times to Senior HR BP Jordyn Clark, an African American woman, and others in Human Resources, as well as Landry.  HR Assistants acknowledged to Plaintiff that Amazon was aware of Ashe's inappropriate behavior on previous occasions, including comments he had made to Clark herself.

31.     The workplace was predominately African American.

32.     Clark and HR Assistant Khalyn Hollman, an African American woman, made racist comments to Plaintiff when she brought food vendors to the site for associates, criticizing her choices by saying, "You need to know your audience," and that, "Us black folks want fried chicken, wings and watermelon," and "Black people don't want pasta… we need soul food."  Clark also referred to Landry as "your boy."

33.     Plaintiff sent the last email to Landry, again documenting the sexual harassment and racist behavior on or about January 8, 2020.

34.     On January 24, 2020, Amazon terminated Plaintiff for allegedly not clocking out for a break.

35.     In contrast, Clark watched actual footage of an African American associate on December 16, 2020, clocking in for the day, leaving and returning 10-12 hours later and clocking out, and Clark had been aware of that associate not clocking out for lunch for a month, yet she only laughed about it, and that employee was not terminated.

36.     As a result of Defendant's above-stated actions, Plaintiff has been deprived of employment opportunities, income in the form of wages, prospective employment benefits, including social security, retirement, and other benefits to which they would have been entitled but for Defendant's illegal actions.

37. Defendant's actions have also caused Plaintiff to suffer out-of-pocket losses and garden variety emotional distress for which she seeks redress.

38. Defendant Amazon compensated Plaintiff at $21.05 per hour.

39. Plaintiff's workday was supposed to run from 8 am to 5 pm.

40. Plaintiff regularly began working before, and continued to work after, her scheduled shift.

41. Defendant Amazon typically assigned Plaintiff a work schedule of more than 40 hours per workweek.

42. Defendant Amazon tracked Plaintiff's work hours via electronic time keeping system.

43. Defendant Amazon regularly messaged Plaintiff outside of her typical work schedule directing her to perform work while off the clock.

44. Defendant Amazon did not track the hours Plaintiff was directed to work off the clock.

45. On numerous occasions, Landry directed Plaintiff to perform work late in the evening while Plaintiff was at home, via electronic message.

46. Whenever Landry messaged Plaintiff to performing work while off the clock, Landry expected Plaintiff to respond and perform the directed work.

47. Plaintiff did respond to Landry and performed the work as directed by him.

48. Plaintiff regularly worked in excess of 40 hours per workweek for Defendant Amazon.

49. Defendant Amazon knew Plaintiff worked in excess of 40 hours because, among other reasons, she was regularly scheduled to work more than 40 hours per workweek.

50. Defendant Amazon also knew Plaintiff worked more than 40 hours in certain workweeks because she logged more than 40 hours in certain workweeks in Defendant Amazon's timekeeping system.

51. Despite Defendant Amazon's time-tracking capabilities, Defendant Amazon intentionally directed Plaintiff to work off the clock to reduce Defendant Amazon's labor costs.

52. Defendant Amazon chose not to compensate Plaintiff for her off-the-clock hours.

53. Defendant Amazon failed to maintain accurate records of Plaintiff's hours worked in violation of the FLSA's recordkeeping requirement.

54. Defendant Amazon's practices resulted in Plaintiff working hours in excess of 40 per week for which she was not compensated at one and one-half times her regular rate of pay.

55. Defendant Amazon knew or should have known that Plaintiff worked hours in excess of 40 during certain workweeks in which she was not properly compensated.

## COUNT I
## Title VII Sexual Harassment

56. Defendant's discrimination against Boecker because of her gender in the terms and conditions of employment violates the statutory provisions and protections of Title VII.

57. Ashe's sexually harassing conduct including inappropriate comments were sufficiently severe and pervasive as to create a hostile work environment.

58. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety emotional distress, mental anguish, humiliation, pain and suffering.

59. Defendant's acts and conduct constitute willful and intentional discrimination.

60. Defendant engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Boecker's rights.

## COUNT II
### Title VII Race

61. Amazon's employees harassed Plaintiff on account of her race.

62. Defendant terminated Plaintiff because of her race.

63. At a minimum, race provided a mixed motive for Plaintiff's termination and the harassment she endured.

64. Defendant's discriminatory treatment of Plaintiff was in violation of Title VII.

65. Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

66. Defendant's discriminatory actions against Plaintiff were taken in bad faith.

67. As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation and other indignities.

68. Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT III
### Title VII Retaliation

69. Boecker engaged in protected activity by reporting Ashe's sexually harassing conduct and objecting to or complaining about racial harassment.

70. Defendant retaliated against Boecker by terminating her for reporting sexual and racial harassment in violation of Title VII.

71. As a direct and proximate result of Defendant's violations of Title VII, Boecker has suffered damages, including but not limited to, lost wages, benefits of employment, garden variety

emotional distress, mental anguish, humiliation, pain and suffering.

72. Defendant engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Boecker's rights.

## COUNT IV
### 42 U.S.C. § 1981 Discrimination

73. Defendant harassed Plaintiff or allowed her to be harassed during her employment on account of her race.

74. Defendant terminated Plaintiff because of her race.

75. Defendant's discriminatory termination of Plaintiff was in violation of § 1981.

76. Defendant willfully and wantonly disregarded Plaintiff's rights under 1981 and acted in reckless disregard for Plaintiff's rights under § 1981.

77. Defendant's discriminatory actions against Plaintiff were taken in bad faith.

78. As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation and other indignities.

79. Pursuant to § 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under §1981.

## COUNT V
### 42 U.S.C. § 1981 Retaliation

80. Plaintiff engaged in protected activity under §1981 by making internal complaints to her supervisor about racial discrimination.

81. Defendant retaliated against Plaintiff for engaging in protected activity under § 1981 by terminating her employment within weeks of her internal complaints.

82.     Defendant's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of and opposing race discrimination, constitute unlawful intentional retaliation in violation of § 1981.

83.     Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

84.     As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

85.     Pursuant to Section 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under § 1981.

## COUNT VI
### Failure to Pay Overtime Wages

86.     Plaintiff worked more than 40 hours per week during certain workweeks while employed by Defendant.

87.     Defendant failed to compensate Plaintiff for all hours worked, including those in excess of 40 per workweek.

88.     Defendant failed to compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked over 40 during certain workweeks.

89.     Defendant suffered or permitted Plaintiff to work hours in excess of 40 during certain workweeks.

90.     Defendant knew or should have known that Plaintiff worked in excess of 40 hours during certain workweeks.

91.     Defendant knew Plaintiff worked more than 40 hours during certain workweeks but chose not to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 per workweek.

92.     Defendant violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiff's rights.

93.     Plaintiff seeks her unpaid overtime for all hours over 40 in certain workweeks in which Defendant failed to compensate her at 1.5 times her regular rate of pay.

94.     Pursuant to U.S.C. § 216(b), Defendant is liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendant Amazon violated Plaintiff's rights under Title VII and § 1981;

b. an injunction prohibiting the Defendant from engaging in such unlawful conduct in the future;

c. full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d. reinstatement of Plaintiff to her former position or in the alternative, front pay to compensate Plaintiff for her lost future wages, benefits, and pension;

e. compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

    f.    punitive damages, against Defendant in an amount to be determined by the enlightened conscience of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter them from similar conduct in the future;

    g.    declare that Defendant violated the FLSA;

    h.    enter judgment against Defendant that it violated the FLSA and, further, that its violations were willful;

    i.    reasonable attorneys' fees and costs; and

    j.    other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted, this 22nd of December 2021.

*s/Eleanor Mixon Attwood*
Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

**LEGARE, ATTWOOD & WOLFE, LLC**
Decatur Town Center Two
125 Clairemont Ave.
Suite 380
Decatur, Georgia 30030
Telephone: 470.823.4000
Facsimile: 470.201.1212

*s/ William S. Cleveland*
William S. Cleveland
Georgia Bar No. 721593
billy@poolehuffman.com

**POOLE HUFFMAN, LLC.**
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084
T: (404) 373-4008 | F: (888) 709-5723
*Counsels for Plaintiff*